UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>    v.<br><br>Keith Hudson,<br><br>    Defendant. | Case No. 16-cr-00214-RS-1<br><br>**ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** |

**I. INTRODUCTION**

On January 15, 2013, Defendant Keith Hudson pleaded guilty to accessing a protected computer to obtain information without authorization in violation of 18 U.S.C. §§ 1030(a)(2)(c), (c)(2)(B)(I), and (c)(2)(B)(ii). He was sentenced to two years in prison, followed by three years supervised release. After serving more than three and one-half years of the five-year term, Hudson now moves for an order terminating his supervised release pursuant to 18 U.S.C. § 3583(e)(1). The Government opposes the motion. For the reasons stated below, Hudson's motion is denied. This matter is suitable for decision without a hearing, and no hearing was requested.

**II. BACKGROUND**

Hudson participated in a scheme to access a protected computer without authorization and obtain information for private financial gain. Specifically, Hudson gained access to a third party's e-mail account and obtained intimate e-mails between that person and other women, as well as nude photographs of that person. Hudson sent screenshots of the emails and photographs to his co-defendant, who then contacted the victims and threatened to post the photographs online unless they paid him. Hudson and his co-defendant exchanged numerous text messages discussing the

extortion scheme.  In those messages, the co-defendants agreed that Hudson would receive up to $30,000 of the extortion payments.

This was Hudson's fifth criminal conviction.  He was convicted of vehicular manslaughter without negligence in 1993 and then of petty theft in 1996.  Later, in 2003 and 2009, he entered nolo contendere pleas to misdemeanor charges of battery and reckless driving.

Hudson was sentenced in the Central District of California, but jurisdiction over his supervised release was later transferred to this court under 18 U.S.C. § 3605.  When he was sentenced, the district court imposed several conditions of supervised release, including restrictions on his use of computers and computer-related devices.

### III. LEGAL STANDARD

A court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).  "[T]he plain language of the statute indicates that the district courts have broad discretion to alter the conditions of a defendant's supervised release." *United States v. Miller*, 205 F.3d 1098, 1100 (9th Cir. 2000).  "Occasionally, changed circumstances--for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release--will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Lussier*, 104 F.3d 32, 36 (2nd Cir. 1997).  The modification or termination mechanism provided by § 3583(e)(1) allows the court "to respond to changes in the defendant's circumstances that may render a previously imposed condition of release either too harsh or inappropriately tailored to serve the general punishment goals of § 3553(a)." *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002).

### IV. DISCUSSION

Hudson argues that termination of supervised release is appropriate.  In support, he recites his post-incarceration accomplishments.  He has complied with all of the terms of his supervised

release, attended Gambler's Anonymous, resumed gainful employment, and reengaged with his immediate and extended family. These circumstances, while commendable, do not themselves constitute the type of changed circumstances or "exceptionally good behavior" contemplated by *Lussier* and its progeny. *See Lussier*, 104 F.3d at 36; *see also U.S. v. Bauer*, 2012 WL 1259251 (N.D. Cal. Apr. 13, 2012).[1]

In opposing Hudson's request, the Government emphasizes the seriousness of Hudson's crime. The offense involved the unauthorized access of another person's email, theft of intimate photos, and extortion. The Government also notes that Hudson's decision to commit a crime was not entirely aberrant. In light of his criminal history, the Government argues, continued monitoring is appropriate.

Overall, Hudson has not demonstrated the type of circumstances that justify early termination of supervised release. His post-incarceration accomplishments—compliance with release conditions, resumption of employment, engagement of family life— are laudable, but they are expected milestones rather than a change of circumstances rendering continued supervision inappropriate. *See, e.g., Bauer* at *2. Ultimately, the seriousness of Hudson's crime coupled with his criminal record support the maintenance of the full five-year term. The sentence imposed was and remains suitably tailored to the offense conduct.

## V. CONCLUSION

Hudson's motion to terminate supervised release is denied.

**IT IS SO ORDERED**.

---

[1] He also argues that early termination will reduce his likelihood of recidivism. He relies on a study, which found that "early-term offenders . . . presented a lower risk of recidivism than their full-term counterparts." Mot. at ¶ 11. Hudson's argument fails to account for the confounding variable—i.e., that characteristics that support early termination are predictive of recidivism, not the fact of early termination itself.

Dated: December 5, 2016

*Richard Seeborg* (signature)
RICHARD SEEBORG
United States District Judge